UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ELIZABETH NEAL,

                                               Civil Action No.:

             Plaintiff,

      vs.                                   **COMPLAINT**

                                               **DEMAND FOR JURY TRIAL**

CREDIT PROTECTION ASSOCIATION, L.P.,

             Defendant.
-------------------------------------------------------------------

      Plaintiff Elizabeth Neal ("Plaintiff"), by and through her attorney, Allison Polesky Esq., as and for her Complaint against the Defendant Credit Protection Association, L.P. ("Defendant" and/or "CPA") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

      1.     This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

      2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

      3.     Venue is proper in this District 28 U.S.C. § 1391(b)(1) and (2) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in the State of New York and County of Erie and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

5. Defendant CPA is a debt collection agency and Texas business entity that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 13355 Noel Rd., Dallas, TX 75240.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to the Defendant, New York State Electric & Gas, either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to CPA for collection ("the alleged debt").

9. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

10. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is alleged to have incurred the alleged debt.

12. On or about August 28, 2013, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of New York ("the bankruptcy court"). Case No., 1:13-bk-12307-CLB.

13. At the time Plaintiff filed for Chapter 7 bankruptcy, Defendant was attempting to collect the alleged debt in the approximate amount of $713.00, which was incurred prior to Plaintiff's bankruptcy.

14. On Schedule F of Plaintiff's chapter 7 bankruptcy petition, Plaintiff identified/listed the alleged debt and Defendant as creditor of said alleged debt for the purposes of seeking a discharge of any obligations of Plaintiff.

15. On August 29, 2013, the bankruptcy court sent notice to Defendant of Plaintiff's chapter 7 bankruptcy, meeting of creditors, and deadlines information via electronic transmission by the Bankruptcy Noticing Center.

16. On information and belief, Defendant received notice of Plaintiff's chapter 7 bankruptcy, meeting of creditors, and deadlines information on August 29, 2013, the same day said notice was transmitted.

17. As of August 29, 2013, Defendant knew or should have known that Plaintiff had filed for chapter 7 bankruptcy protection on the alleged debt.

18. Pursuant to 11 U.S.C. § 362(a)(1), also known as the "Automatic Stay," the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation…of process…or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case…or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case."

19. Pursuant to 11 U.S.C. § 362(a)(1), Defendant is required by law to cease and desist from contact Plaintiff in an attempt to collect the alleged debt as of the date of receipt of notice of Plaintiff's chapter 7 bankruptcy.

20. Despite Plaintiff's bankruptcy and the Automatic Stay, Defendant telephoned Plaintiff numerous times in an attempt to collect the alleged debt subsequent to her August 28, 2013 chapter 7 bankuptcy filing and notice thereof provided to Defendant on August 29, 2013.

21. On or about September 23, 2013, Plaintiff and Defendant spoke on the telephone regarding the alleged debt.

22. At no time did Defendant disclose to Plaintiff that they were "debt collectors" as required by the FDCPA.

23. At no time did Defendant disclose to Plaintiff that Defendant was attempting to collect the alleged debt and any information obtained would be used for that purpose, aka the "mini-Miranda warning".

24. During the September 23, 2013 telephone call, Defendant attempted to collect payment for the alleged debt allegedly owed to New York State Electric and Gas in the amount of $713.09 which was listed on Schedule F of Plaintiff's chapter 7 bankruptcy which Defendant already received notice of.

25. Defendant told Plaintiff the reason they have been calling so much is because they are attempting to collect payment for the alleged debt.

26. Defendant told Plaintiff they were attempting to collect payment so that the alleged debt could be reported as paid in full to the credit reporting agencies.

27. Defendant continued to pressure Plaintiff to pay the alleged debt in full over the telephone that same day.

28. Plaintiff did not wish to pay the alleged debt due to her chapter 7 bankruptcy in which the alleged debt was claimed at which point Defendant continued to pressure Plaintiff to make some type of payment that day or to commit to a future payment date.

29.     Defendant violated the FDCPA and New York General Business Law § 349 when, in September 2013, Defendant alleged that Plaintiff owed the alleged debt and (1) attempted to collect the alleged debt in violation of the Automatic Stay; (2) threatened to report information to the credit reporting agencies regarding the alleged debt, which Defendant had no right to do, due to the Automatic Stay; (3) threatened to report information to the credit reporting agencies regarding the alleged debt, which Defendant when in fact Defendant did not intend to make such a report; (4) threatened to report information to the credit reporting agencies that Defendant knew or should have known to be false and/or inaccurate; (5) failed to disclose to Plaintiff that Defendant was a "debt collector"; (6) failed to disclose to Plaintiff that Defendant was attempting to collect the alleged debt any information would be used for that purpose, aka the "mini-Miranda warning"; (7) failure to cease and desist from all forms of communication with Plaintiff in an attempt to collect the alleged debt; (8) communicating with Plaintiff despite knowing she is represented by an attorney with respect to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address.

30.     On information and belief, Defendant never provided Plaintiff with a 30 day validation notice required by § 1692g.

31.     These collection communications from Defendant were abusive, deceptive, misleading, unfair, unconscionable and illegal communications in an attempt to collect the alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(2), 1692c(c), 1692d-preface, 1692d(6), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f-preface, 1692f(1), and 1692g, amongst others.

32.     As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to FDCPA § 1692k.

33. The actions and inactions of Defendant, as plead in their entirety in this complaint, are deceptive and unlawful acts and practices directed at Plaintiff that caused her injury and/or actual damages under New York State General Business Law § 349.

34. As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to New York State General Business Law § 349.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692c(a)(1).

   b. 15 U.S.C. §1692c(a)(2).

   c. 15 U.S.C. §1692c(c).

   d. 15 U.S.C. §1692d-preface and (6).

   e. 15 U.S.C. §1692e-preface, (2)(A), (5), (8), (10), and (11).

   f. 15 U.S.C. §1692f-preface and (1).

   g. 15 U.S.C. §1692g.

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages, attorneys fees and costs in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff included deceptive and unlawful acts and practices that violated New York State General Business Law § 349.

40. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been injured and/or damaged and is entitled to damages, attorneys fees and costs in accordance with the New York General Business Law § 349.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Elizabeth Neal demands judgment from the Defendant Credit Protection Association, L.P. as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k;

    B.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

    C.    For damages, trebled, pursuant to New York General Business Law § 349;

    D.    For attorneys' fees, costs and disbursements;

    E.    For an award of pre-judgment interest on all sums awarded and/or collected;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Elizabeth Neal hereby respectfully requests a trial by jury for all claims and issues

in her Complaint to which she is or may be entitled to at a jury trial.


Dated:          May 15, 2014


                                  Respectfully submitted,


                                  **LAW OFFICES OF ALLISON POLESKY, P.C.**


                                  By: /s/ Allison Polesky_____
                                  Allison Polesky, Esq. (AP5446)
                                  LAW OFFICES OF ALLISON POLESKY, P.C.
                                  33 S. Service Rd.
                                  Jericho, NY 11753-1036
                                  Phone:     516-321-4220
                                  Facsimile: 914-610-3770
                                  Email:     apolesky@poleskylaw.com
                                  Attorney for the Plaintiff Elizabeth Neal